*Carter v. Pallito*, No. 494-8-13 Wncv (Teachout, J., January 8, 2015)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                                   **CIVIL DIVISION**
**Washington Unit**                                                  **Docket No. 494-8-13 Wncv**

**Bernard Carter**
  **Plaintiff**

  **v.**

**Andrew Pallito, Commissioner,**
**Vermont Department of Corrections**
  **Defendant**

### DECISION
### Cross-Motions for Summary Judgment

  Inmate Bernard Carter was convicted of a Major A4 (sexual assault) disciplinary violation. On Rule 75 review, he argues that the evidence in the administrative record on which his conviction is based lacks sufficient reliability to satisfy the "some evidence" standard and, hence, his due process rights.

*The disciplinary proceeding*

  The record before the hearing officer consisted of several reports written by correctional officers and the testimony of Mr. Carter, who denied any sexual assault. According to the reports, an inmate alerted officers that another inmate, Stephen Messier, may have been sexually assaulted by Mr. Carter when Mr. Messier and Mr. Carter were cellmates. When asked about the allegation, Mr. Messier described having been anally raped by Mr. Carter, ostensibly while heavily medicated and unaware, and reported heavy bleeding as a result. Mr. Messier was examined by medical personnel, who diagnosed rectal bleeding but did not find injuries or other evidence suggestive of rape. This aspect of the medical examination was redacted from the report in the administrative record with a handwritten note: "Medical information – See SOS for unredacted if needed." It also became clear that Mr. Messier's medication was insufficient to cause him to be unaware of such a significant event.

  Confronted with the unlikeliness of his story, Mr. Messier admitted that it was untrue. He said instead that Mr. Carter had repeatedly requested oral sex and that, while he initially refused such overtures, he eventually felt compelled to assent due to Mr. Carter's threats of violence. Mr. Messier described aspects of the encounters in detail (characterized by the hearing officer as "vivid").

  Mr. Carter was the only witness at the hearing. Based on the reports, the hearing officer found Mr. Carter guilty; he was placed in administrative segregation. On appeal, the conviction was affirmed.

*Events following the conviction*

Subsequently, a hearing was held to determine whether administrative segregation was warranted. A different hearing officer found that Mr. Messier had a motive to lie and lacked credibility and that administrative segregation for Mr. Carter was not warranted. Thereafter, the superintendent ordered a new hearing, at which administrative segregation was found to be warranted.

*Analysis*

In a nutshell, Mr. Carter argues that Mr. Messier got caught in a lie (that he had been anally raped) and made up an alternative lie (the compelled oral sex) to avoid discipline for lying. He argues that the record does not include indicia of reliability that should be present in cases including confidential witnesses and that the hearing officer's findings at the first administrative segregation hearing—the hearing after the conviction—bolster his position that the record upon which he was convicted lacks "some evidence."

It is not the function of this court to revisit the determinations made by the initial hearing officer about the credibility of different pieces of evidence. The purpose of determining—on judicial review—that "some evidence" of guilt is in the administrative record is to ensure that the conviction is not arbitrary, "without threatening institutional interests or imposing undue administrative burdens." *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985). "The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact." *Id.* at 456, quoted in *Lafaso v. Patrissi*, 161 Vt. 46, 49–50 (1993). In this case, the corrections officers' reports document that they investigated the original allegation, challenged Mr. Messier's version of events when other evidence failed to corroborate it, questioned him extensively, and eventually got what they thought was the real story (the series of oral sex encounters). That evidence persuaded the hearing officer. Statements in reports alone can be sufficient to satisfy the "some evidence" standard. See *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999); *Rudd v. Sargent*, 866 F.2d 260, 262 (8th Cir. 1989). The administrative record does not lack "some evidence" of guilt. It was the role of the hearing officer to evaluate the credibility of the evidence, including the reports, and decide the facts. There is "some evidence" to support the decision.

Mr. Carter argues that credibility standards related to confidential witnesses apply here, but there were no confidential witnesses in this case so such an argument does not apply. The court also rejects Mr. Carter's argument that the findings of the hearing officer at the administrative segregation hearing should have an impact on the record at the disciplinary hearing. That a different hearing officer might have arrived at a different conclusion after consideration of the same evidence presented at a disciplinary hearing does not show that the record of the hearing lacks "some evidence." The hearing officer at the disciplinary hearing had before him sufficient evidence to meet the "some evidence" standard applicable to judicial review.

**ORDER**

For the foregoing reasons: Mr. Carter's motion for summary judgment is *denied* and the Department of Corrections' motion is *granted*.

Dated at Montpelier, Vermont this _____ day of January 2015.

_____
Mary Miles Teachout,
Superior Judge